# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2246

_____

Michelle Anderson

*Plaintiff - Appellee*

v.

Andy Neyrinck, Individually and employed by City of Davenport; Scott Crowe, Individually and employed by City of Davenport

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: January 25, 2017
Filed: January 30, 2017
[Unpublished]

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action brought by Michelle Anderson, Davenport Police Department officers Andy Neyrinck and Scott Crowe appeal an order of the district court denying them qualified immunity. After careful review, we affirm in part and reverse in part.

First, we conclude that the district court did not err in denying Neyrinck qualified immunity on Anderson's unlawful-arrest claim. See Shannon v. Koehler, 616 F.3d 855, 861 (8th Cir. 2010) (acknowledging interlocutory appellate jurisdiction to review denial of qualified immunity; appellate review is limited to determining whether conduct, as supported under summary judgment standard, violated plaintiff's clearly established rights); Krout v. Goemmer, 583 F.3d 557, 564 (8th Cir. 2009) (legal issues are reviewed de novo). By contrast, we conclude that the court erred in denying Crowe and Neyrinck qualified immunity on Anderson's excessive-force claim. Without considering the factual allegations in Anderson's unsworn and unverified complaint, see Banks v. John Deere & Co., 829 F.3d 661, 668 (8th Cir. 2016) (discussing technical requirements for unsworn declaration or statement to be substituted for sworn affidavit for summary judgment purposes), we conclude--based on the evidence in the summary judgment record--that Anderson's excessive-force claim failed as a matter of law, cf. Chambers v. Pennycook, 641 F.3d 898, 906-08 (8th Cir. 2011) (discussing excessive-force standard in handcuffing context).

Accordingly, we affirm the denial of summary judgment as to the unlawful-arrest claim against Neyrinck, but we reverse the denial of summary judgment as to the excessive-force claim against Crowe and Neyrinck.

_____